# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                    No. CR 19-0585 JB

ADOLFO VALENZUELA,

        Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the United States' Sentencing Memorandum, filed February 24, 2021 (Doc. 52)("Sentencing Memo"). The Court held a sentencing hearing on March 16, 2021. <u>See</u> Notice of Hearing, filed January 25, 2021 (Doc. 50)(text only entry)(notifying parties of the sentencing hearing). The primary issue is whether, under the United States Sentencing Guidelines ("U.S.S.G") § 3E1.1(a), the Court should decrease Defendant Adolfo Valenzuela's offense level by 2 levels for acceptance of responsibility, after Valenzuela has entered a guilty plea that includes an acceptance of responsibility, but where the United States Probation Office ("USPO") reports that Valenzuela has committed offenses during his pretrial confinement. The Court will overrule Plaintiff United States of America's request that the Court decline to reduce Valenzuela's offense level by 2 levels under U.S.S.G. § 3E1.1(a), because, although the USPO reports that Valenzuela has committed subsequent offenses during his pretrial confinement, Valenzuela's reported conduct does not outweigh his acceptance of responsibility for his offense under the § 3E1.1(a) factors.

## <u>PROCEDURAL HISTORY</u>

In his Plea Agreement, Valenzuela admits to possessing a firearm or ammunition as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). <u>See</u> Plea Agreement ¶ 6, at 3, filed February

28, 2020 (Doc. 38).  In his Plea Agreement, Valenzuela "specifically admit[s] the following facts

related to the charges against me":

> On or about January 22, 2019, I, Adolfo Valenzuela, having previously been convicted of the following felonies, punishable by imprisonment for a term exceeding one year, and knowing that I had been convicted of these felonies:
>
> > (1)    false imprisonment,
> >
> > (2)    aggravated battery with great bodily harm,
> >
> > (3)    receiving or transferring a stolen motor vehicle,
> >
> > (4)    conspiracy to commit receiving or transferring a stolen motor vehicle, and
> >
> > (5)    possession of a firearm or destructive device by a felon,
>
> knowingly possessed a firearm and ammunition.  Specifically, I possessed afunctional Ruger model LCR, .38 special caliber revolver, bearing serial number 540-62728, which was manufactured by Matrix Precision in New Hampshire, thus affecting interstate and foreign commerce.  I also possessed five rounds of Federal brand .38 special caliber ammunition, which was manufactured by Vista Outdoor, Incorporated (d/b/a/ "Federal") in either Minnesota or Idaho, thus affecting interstate commerce.

Plea Agreement ¶ 7, at 3-4.

In his Plea Agreement, Valenzuela "recognize[s] and accept[s] responsibility for my

criminal conduct."  Plea Agreement ¶ 7, at 3.  Accordingly, the Plea Agreement recommends:

> As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct.  Consequently, pursuant to USSG § 3E1.1(a), so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and if applicable, a reduction of an additional offense level pursuant to USSG § 3E1.1(b).

Plea Agreement ¶ 9(b), at 4-5.

The United States Probation Office ("USPO") filed a Presentence Report, filed April 28,

2020 (Doc. 40)("PSR"), and a Second Presentence Report, filed June 4, 2020 (Doc. 42)("Second

PSR").  Neither party filed formal objections to either PSR.  The Second PSR, after taking into

account the 2-level reduction for accepting responsibility under U.S.S.G. § 3E1.1(a), because the "defendant has clearly demonstrated acceptance of responsibility for the offense," states that Valenzuela's "total offense level is 17 with a criminal history category VI resulting in a guideline imprisonment range of 51 to 63 months."  Second PSR at 1.

On January 12, 2021, the USPO filed a Second Addendum to the Presentence Report, filed January 12, 2021 (Doc. 47)("Second Addendum"), and reported two incidents:

> According to the United States Marshal Service (USMS), on January 24, 2020, at the Cibola County Correctional Center, an officer responded to a one on one fight with the defendant and USMS inmate R.M.  Both inmates were escorted to medical for an evaluation.  The defendant is pending a disciplinary hearing.  U.S. Probation contacted CCCC and requested the results of the hearing, however, a response has not yet been received.

> According to the USMS, on September 28, 2020, at CCCC, an officer observed an inmate, [A.M.], at the fire exit door of the unit.  As the officer was walking up the hallway, he observed [A.M.] bend down and pick up an object[,]. . . . [a] folded-up paper . . . .  The officer opened the note and it contained contraband. . . . Upon opening the paper, a white/blue color substance was found along with an orange in color paper-like substance. . . .  Testing confirmed the orange substance to be Buprenorphine (Suboxone), and the powder substance Methamphetamine.

> The [Assistant Shift Supervisor ("ASS")] then reviewed camera footage to identify the inmate who passed the contraband underneath the fire exit door.  The defendant was identified and observed to have the note in his hand as he runs to the fire exit door and bends down at the same time [A.M.] is observed receiving the note.  Both inmates involved received disciplinary charges and are waiting their hearings.  U.S. Probation contacted CCCC and requested the results of the hearing, however, a response has not yet been received.

Second Addendum at 1-2.  The Second Addendum states:

> The above ongoing criminal conduct from September 28, 2020 may warrant the Court not awarding the defendant a reduction for acceptance of responsibility pursuant to USSG 3E1.1.  The defendant was in possession of two different controlled substances while in custody pending sentencing for the instant offense.  Also, it appears the defendant attempted to distribute these illegal narcotics to another inmate.

Second Addendum at 2.  In the Sentencing Memo, the United States urges the Court to withhold

the 2-level offense reduction for acceptance of responsibility, because Valenzuela's "ongoing criminal conduct evinces his failure to accept responsibility." Sentencing Memorandum at 4.

## LAW REGARDING REDUCTIONS FOR ACCEPTANCE OF RESPONSIBILITY UNDER U.S.S.G. § 3E1.1.

The defendant has the burden of proving by a preponderance of the evidence that he is entitled to a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). See United States v. Meyers, 95 F.3d 1475, 1486 (10th Cir. 1996); United States v. McMahon, 91 F.3d 1394, 1396-97 (10th Cir. 1996), cert. denied, 519 U.S. 1018 (1996). The Tenth Circuit reviews "a district court's determination not to grant a reduction for acceptance of responsibility for clear error." United States v. Ochoa-Olivas, 426 F. App'x 612, 613 (10th Cir. 2011)(unpublished)(citing United States v. Hutchinson, 573 F.3d 1011, 1032 (10th Cir. 2009)). In reviewing the district court's findings, the Tenth Circuit "remain[s] mindful that '[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review.'" United States v. Ivy, 83 F.3d 1266, 1292-93 (10th Cir. 1996)(quoting U.S.S.G. § 3E1.1, Application Note 5), cert. denied, 519 U.S. 901 (1996). U.S.S.G. § 3E1.1 provides:

> (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
>
> (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1. The application notes to U.S.S.G. § 3E1.1(a) state in relevant part:

> **1.** In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following:

**(A)**     truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct).  Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a).  A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection.  However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility;

**(B)**     voluntary termination or withdrawal from criminal conduct or associations;

**(C)**     voluntary payment of restitution prior to adjudication of guilt;

**(D)**     voluntary surrender to authorities promptly after commission of the offense;

**(E)**     voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;

**(F)**     voluntary resignation from the office or position held during the commission of the offense;

**(G)**     post-offense rehabilitative efforts (e.g., counseling or drug treatment); and

**(H)**     the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.

**2.**     This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse.  Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction.  In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial.  This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct).  In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon

pre-trial statements and conduct.

3.  <u>Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under § 1B1.3 (Relevant Conduct) (see Application Note 1(A) ), will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.</u>

. . . .

5.  The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review.

6.  Subsection (a) provides a 2-level decrease in offense level. Subsection (b) provides an additional 1-level decrease in offense level for a defendant at offense level 16 or greater prior to the operation of subsection (a) who both qualifies for a decrease under subsection (a) and who has assisted authorities in the investigation or prosecution of his own misconduct by taking the steps set forth in subsection (b). The timeliness of the defendant's acceptance of responsibility is a consideration under both subsections, and is context specific.  In general, the conduct qualifying for a decrease in offense level under subsection (b) will occur particularly early in the case.  For example, to qualify under subsection (b), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently.

    Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing. See section 401(g)(2)(B) of Pub. L. 108-21.

    **Background:** The reduction of offense level provided by this section recognizes legitimate societal interests.  For several reasons, a defendant who clearly demonstrates acceptance of responsibility for his offense by taking, in a timely fashion, the actions listed above (or some equivalent action) is appropriately given a lower offense level than a defendant who has not demonstrated acceptance of responsibility.

Subsection (a) provides a 2-level decrease in offense level. Subsection (b) provides an additional 1-level decrease for a defendant at offense level 16 or greater prior to operation of subsection (a) who both qualifies for a decrease under subsection (a) and has assisted authorities in the investigation or prosecution of his own misconduct by taking the steps specified in subsection (b). Such a defendant has accepted responsibility in a way that ensures the certainty of his just punishment in a timely manner, thereby appropriately meriting an additional reduction. Subsection (b) does not apply, however, to a defendant whose offense level is level 15 or lower prior to application of subsection (a). At offense level 15 or lower, the reduction in the guideline range provided by a 2-level decrease in offense level under subsection (a) (which is a greater proportional reduction in the guideline range than at higher offense levels due to the structure of the Sentencing Table) is adequate for the court to take into account the factors set forth in subsection (b) within the applicable guideline range. Section 401(g) of Public Law 108-21 directly amended subsection (b), Application Note 6 (including adding the last paragraph of that application note), and the Background Commentary, effective April 30, 2003.

U.S.S.G. § 3E1.1 application notes & background (bold in the original).

The Tenth Circuit has held that it is proper for a sentencing court to deny a defendant any reduction for acceptance of responsibility solely on the basis of timeliness. In <u>United States v. Ochoa-Olivas</u>, the Tenth Circuit addressed whether a defendant who pled guilty the morning his trial was scheduled to commence was entitled to a 2-level reduction in his offense level under U.S.S.G. § 3E1.1(a). On the day trial was to begin, "the district court assembled the jury venire, but they were dismissed when Ochoa-Olivas announced that he wanted to plead guilty. After that announcement, the district court conducted a change-of-plea hearing, and Ochoa-Olivas pled guilty to the one count" of illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b). 2011 WL 2160551, at *1. The USPO released a PSR, which, pursuant to U.S.S.G. § 3E1.1(a), included a 2-level reduction for acceptance of responsibility. The United States objected to the reduction, and "argued that it expended resources in preparing for trial and in providing travel and lodging for witnesses to attend the trial. Therefore, it argued that [the defendant] should not be entitled to any reduction for acceptance of responsibility." 2011 WL 2160551, at *2. The Honorable William

P. Johnson, United States District Judge for the United States District Court for the District of New

Mexico, agreed with the United States and denied the defendant a 2-level reduction for acceptance

of responsibility under U.S.S.G. § 3E1.1(a), stating that "a two-level reduction for acceptance of

responsibility is not appropriate because the Defendant waited until the morning of trial to plead

guilty."  2011 WL 2160551, at *2.

The defendant appealed, "contend[ing] that the district court clearly erred because it should

have granted a two-level downward adjustment as he met the criteria for acceptance of

responsibility" under U.S.S.G. § 3E1.1(a), and the United States "counter[ed] that the 'timing of

the decision to plead guilty is important precisely because the adjustment was meant to expedite

resolution of cases, and thereby to prevent prosecutive and judicial resources from being expended

needlessly.'" 2011 WL 2160551, at *2 (citation to the record omitted).  The Tenth Circuit affirmed

the district court, stating:

> The Sentencing Guidelines explicitly allow the district court to consider the
> timeliness of a defendant's guilty plea. U.S.S.G. § 3E1 .1 cmt. n.1(h).  We caution
> that a late decision to plead guilty does not necessarily disqualify a defendant from
> receiving a downward adjustment for acceptance of responsibility.  But a defendant
> who pleads guilty does not necessarily qualify for a downward adjustment for
> acceptance of responsibility either.  See id. § 3E1.1 cmt. n. 3. It is up to the district
> court to determine whether a defendant qualifies for this downward adjustment
> using the appropriate considerations.  In this case, the district court did just that,
> and therefore we cannot say that the district court committed clear error.

2011 WL 2160551, at *2.

Similarly, in United States v. Gonzalez Gomez, 85 F. App'x 94 (10th Cir. 2003), the Tenth

Circuit affirmed a district court's refusal to decrease the offense level of a defendant who, "[o]n

August 16, 2002, the same day of [his] trial, he very reluctantly pled guilty" and "informed the

assigned probation officer of his intent to return to the United States despite agreeing not to."  85

F. App'x at 95.[1]   The Tenth Circuit affirmed the district court, holding that the defendant's "reluctant plea on the day of trial, coupled with his declared intent to continue to violate the law as he had done previously, undermines his argument that he accepts responsibility for his criminal conduct."  85 F. App'x at 95-96.

Other United States Courts of Appeals have held uniformly that a district court may refuse a defendant a 2-level reduction pursuant to U.S.S.G. § 3E1.1(a) for an eleventh-hour acceptance of responsibility.  See, e.g., United States v. Diaz-Gaudarama, 614 F.3d 387, 390-91 (7th Cir. 2010)(denying 2-level reduction for defendant who first attempted to enter a guilty plea the day trial was to commence, before jury selection); United States v. Montero, 336 F. App'x 941, 942 (6th Cir. 2009)(holding that a defendant who pled guilty to conspiracy to induce aliens to enter the United States was not eligible for two-point reduction for acceptance of responsibility, because the defendant "did not offer his plea until the morning his trial was to begin, thus necessitating significant trial preparation by the government and the transportation of witnesses from across the state, and inconveniencing the jury pool which was already assigned to the trial," and stating that "[t]he district court's reliance on the timing of [the defendant's] plea and the context in which it

---

[1]United States v. Gonzalez Gomez is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A)("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).  The Court finds that United States v. Gonzalez Gomez has persuasive value with respect to material issues, and will assist the Court in its preparation of this Memorandum Opinion and Order.

was offered is in full accord with § 3E1.1(a), the explanatory comments accompanying that section, and the cases interpreting and applying it"); United States v. Fischer, 551 F.3d 751, 755 (8th Cir. 2008)("[A] district court in denying an acceptance of responsibility reduction [pursuant to U.S.S.G. § 3E1.1(a)] may consider that the guilty plea was 'of the last hour variety, offered on the eve of trial.'")(quoting United States v. Erhart, 415 F.3d 965, 971 (8th Cir. 2005)); United States v. Rosalez-Cortez, 19 F.3d 1210, 1219 (7th Cir. 1993)("A judge may determine that a defendant has failed to accept responsibility by finding that he failed to demonstrate truthfulness and remorse prior to 'the final hour.'")(citations omitted).  In United States v. Diaz-Gaudarama, 614 F.3d 387 (7th Cir. 2010), the United States Court of Appeals for the Seventh Circuit affirmed a district court's sua sponte refusal to grant a defendant a 2-level offense level reduction under U.S.S.G. § 3E1.1(a).  See United States v. Diaz-Gaudarama, 614 F.3d at 390-91.  The defendant, David Diaz-Gaudarama, appealed the sentence he received after pleading guilty to conspiring to distribute methamphetamine, cocaine, and marijuana.  See United States v. Diaz-Gaudarama, 614 F.3d at 388.  After about a year of delay because of disputes over the Diaz-Gaudarama's competency, in which the district court ultimately concluded that Diaz-Gaudarama was malingering, Diaz-Gaudarama went to trial.  See United States v. Diaz-Gaudarama, 614 F.3d at 388.  On the day trial was scheduled to commence, Diaz-Gaudarama attempted to enter a guilty plea, which the district court refused, because he stated that he sought to plead guilty to receive medical care.  See United States v. Diaz-Gaudarama, 614 F.3d at 388.  After the government rested its case, Diaz-Gaudarama again expressed a desire to plead guilty, this time stating that he was aware of what he had done, and the district court accepted the plea:

> Diaz-Gaudarama's jury trial was scheduled to begin on June 8, 2009.  That day, before jury selection began, Diaz-Gaudarama attempted to plead guilty to the charge contained in the indictment.  During the change of plea hearing, Diaz-Gaudarama admitted several details about the offense.  At the end of the

hearing, however, the district court asked Diaz-Gaudarama what medicines he had been taking in the past few days.  Diaz-Gaudarama responded that he was taking a small white pill and he thought it was harming him.  He said he did not know what the pill was supposed to do, but that he was having difficulty swallowing it because something was wrong with his throat.   When the district court informed Diaz-Gaudarama that he would receive a sentence of at least ten years in prison, and up to life, Diaz-Gaudarama responded, "just as long as I get sent to the doctor, you can give me ten years.  You can give me life.  Just make sure I get to the doctor."  In light of these statements, the district court refused to accept the guilty plea.

The government completed its case on the third day of trial.  During an ensuing discussion with the district court concerning his right to testify in his own defense, Diaz-Gaudarama announced again that he wished to plead guilty.  This time, Diaz-Gaudarama informed the district court that he wished to plead guilty because he was, in fact, guilty as charged.  When asked again why he wished to plead guilty, Diaz-Gaudarama stated, "because I don't want to get too much time, and I am also aware of what I have done as well."  After a plea colloquy, the district court accepted Diaz-Gaudarama's guilty plea, and the jury was excused.

United States v. Diaz-Gaudarama, 614 F.3d at 389.  The USPO prepared a PSR which included a

2-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), to which

neither the United States nor the defendant objected.  See United States v. Diaz-Gaudarama, 614

F.3d at 389-90.   "Sua sponte, the district court raised the question of whether Diaz-Gaudarama

was entitled to an acceptance-of-responsibility credit."  614 F.3d at 390.  After hearing argument

from both sides, "the district court declined to allow a reduction for acceptance of responsibility"

and "noted that it was not until the eve of trial that Diaz-Gaudarama attempted to plead guilty, and

that he did not in fact do so until after the government had presented its case against him."  614

F.3d at 390.

Diaz-Gaudarama appealed his sentence, and the Seventh Circuit affirmed.  See United

States v. Diaz-Gaudarama, 614 F.3d at 390-91.  The Seventh Circuit stated:

Under the advisory guidelines, a defendant may receive a two-level decrease in his offense level if he "clearly demonstrates acceptance of responsibility for his offense."  U.S.S.G. § 3E1.1(a).  A district court's decision to award or deny a defendant a reduction for acceptance of responsibility depends heavily on the

facts, and is thus reviewed for clear error.  See United States v. McIntosh, 198 F.3d 995, 999 (7th Cir. 2000).

Diaz-Gaudarama argues that his initial plea colloquy on June 8, 2009 [before jury selection], is the sort of full and accurate account of his misconduct contemplated by application note 1(a) to U.S.S.G. § 3E1.1, which identifies as an appropriate consideration "truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct . . . ."  He wants us to focus on his first attempt to plead guilty, because entering a plea of guilty prior to trial and admitting the conduct comprising the offense of conviction is "significant evidence of acceptance of responsibility."  See U.S.S.G. § 3E1.1 n.3.  Of course, the district court did not actually accept Diaz-Gaudarama's plea until after the government had put on its case.  And in any event, a guilty plea before trial "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility."  Id.

We have long held that the last-minute nature of a guilty plea provides a significant basis to deny an acceptance-of-responsibility reduction.  See, e.g., United States v. Carrera, 259 F.3d 818, 827 (7th Cir. 2001)(affirming denial of an acceptance-of-responsibility reduction [pursuant to U.S.S.G. § 3E1.1(a)] for a defendant who attempted to plead guilty on the first day of trial); United States v. Sierra, 188 F.3d 798, 804-05 (7th Cir. 1999)(affirming denial of an acceptance-of-responsibility reduction [pursuant to U.S.S.G. § 3E1.1(a)] for defendant who pleaded guilty on the last business day before trial); United States v. Rosalez-Cortez, 19 F.3d 1210, 1219 (7th Cir. 1993)(affirming denial of an acceptance-of-responsibility reduction [pursuant to U.S.S.G. § 3E1.1(a)] for a defendant who pleaded guilty after a two-day bench trial).  Even when a defendant pleads guilty in a timely manner, statements or conduct inconsistent with acceptance of responsibility may prevent a defendant from receiving a reduction.  Rather than formulating categorical tests, we ask that district courts "assess the defendant's demonstration of 'genuine remorse,' or 'conscience.'"  McIntosh, 198 F.3d at 999-1000 (quoting United States v. Dvorak, 41 F.3d 1215, 1217 (7th Cir. 1994)).

The district court's decision in this case was not clear error.  First, the district court properly relied on the last-minute nature of the plea, as the earliest attempt Diaz-Gaudarama made to plead guilty occurred on the morning of trial. See Sierra, 188 F.3d at 804-05.  Second, Diaz-Gaudarama's own statements during his plea colloquy do not reflect remorse, but rather suggest that he pleaded guilty in an attempt to reduce his punishment; he said only that he didn't want to "get too much time" and that he was "aware of what he had done."  Finally, the district court found that Diaz-Gaudarama had faked psychological illness in an attempt to evade punishment. . . . Given Diaz-Gaudarama's attempt to avoid criminal responsibility for his actions, the absence of statements by Diaz-Gaudarama reflecting remorse for his crime, and the last-minute nature of his attempt to plead guilty, he is not entitled to a reduction in his advisory guideline range for acceptance of

- 12 -

responsibility.

614 F.3d at 390-91.

The Tenth Circuit has affirmed district court concluding that a defendant has not "voluntary[ily] terminat[ed] or withdraw[n] from criminal conduct or associations," U.S.S.G. § 3E1.1(a), application note 1(B), when the defendant attempts to distribute narcotics to another inmate during pretrial confinement or assaulting another prisoner, see United States v. Finnesy, 953 F.3d 675, 702 (10th Cir. 2020)(affirming a district court's conclusion that the defendant had not accepted responsibility for a guilty plea to escaping from custody where the defendant had "initiated the physical conduct" with another inmate that constituted "a battery" and "trafficking contraband"); United States v. Prince, 204 F.3d 1021, 1023-24 (10th Cir. 2000)(affirming a district court's denial of an adjustment for acceptance of responsibility for bank robbery based on reports of defendant's criminal conduct in prison -- stabbing another prisoner -- while awaiting sentencing).

## ANALYSIS

In the Sentencing Memo, the United States urges the Court to withhold the 2-level offense reduction for acceptance of responsibility, because Valenzuela's "ongoing criminal conduct evinces his failure to accept responsibility."  Sentencing Memorandum at 4.  The Court overrules the United States' request, and it will reduce Valenzuela's offense level by 2 levels for his acceptance of responsibility under U.S.S.G. § 3E1.1(a), because, as the Court stated at the hearing, (a) the evidence of Valenzuela's conduct is thin, see Draft Transcript of Hearing at 15:10-21 (taken March 16, 2021)(Court)("Tr.");[2] and (b) Valenzuela's alleged conduct does not outweigh and is

---

[2]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

- 13 -

not inconsistent with Valenzuela's acceptance of responsibility for his offense indicated in his Plea Agreement, see Tr. at 6:13-8:22 (Court).  Under U.S.S.G. § 3E1.1(a), "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, [the sentencing court] decrease[s] the offense level by 2 levels." U.S.S.G. § 3E1.1(a).  "A defendant who enters a guilty plea is not entitled to an adjustment under [U.S.S.G. § 3E1.1(a)] as a matter of right."  U.S.S.G. § 3E1.1 application notes cmt. 2.  The application notes to U.S.S.G. § 3E1.1(a) provide a non-exhaustive list of eight factors that are appropriate for the Court to consider to determine "whether a defendant qualifies" for a 2-level reduction: (i) the defendant "truthfully admitting the conduct comprising the offense(s) of conviction"; (ii) the defendant's "voluntary termination or withdrawal from criminal conduct"; (iii) the defendant's "voluntary payment of restitution prior to adjudication of guilt"; (iv) the defendant's "voluntary surrender to authorities promptly after commission of the offense"; (v) the defendant's "voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense"; (vi) the defendant's "voluntary resignation from the office or position held during the commission of the offense"; (vii) the defendant's participation in "post-offense rehabilitative efforts (e.g., counseling or drug treatment)"; and (viii) "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility."   U.S.S.G. § 3E1.1 Application Note 1.

The Court concludes that the two-factors weighing against the conclusion that Valenzuela accepted responsibility do not outweigh the two factors in Valenzuela's favor.  See U.S.S.G. § 3E1.1(a), application note 1.  Two factors weigh against Valenzuela: (i) Valenzuela allegedly fought with another inmate and gave another inmate drugs, see Second Addendum at 1-2; U.S.S.G. § 3E1.1(a), application note 1(B)("voluntary termination or withdrawal from criminal conduct or associations"); and (ii) Valenzuela fled when approached by officers when he was

arrested for the felon-in-possession charge, see Second PSR ¶ 11, at 15; U.S.S.G. § 3E1.1(a),
application note 1(D)("voluntary surrender to authorities promptly after commission of the
offense").  Although it is concerning that Valenzuela fled when approached by officers, the Court
notes (i) that the evidence that Valenzuela is continuing to engage in criminal conduct is based on
reports "[a]ccording to the United States Marshal Service (USMS)" to USPO and that disciplinary
hearings whether Valenzuela is guilty of the alleged conduct are still pending, Second Addendum
at 1; see Tr. at 15:10-24 (Court); and (ii) unlike United States v. Reed, 951 F.2d 97 (6th Cir. 1991),
neither of Valenzuela's alleged acts -- an altercation with another inmate and drug distribution --
resemble the crime at issue, felon-in-possession of a firearm, see  United States v. Reed, 951 F.2d
at 99-100 (affirming a district court's conclusion that a "defendant's post-plea use of the jail's
telephone to continue his fraudulent activities . . . 'hardly indicates acceptance and responsibility.
. . . Committing further credit card fraud while you are in jail for credit card fraud hardly indicates
that . . .'")(quoting district court's conclusion).  Two factors weigh in favor Valenzuela: (i)
Valenzuela "recognize[s] and accept[s] responsibility for my criminal conduct,"  Plea Agreement
¶ 7, at 3; U.S.S.G. § 3E1.1(a), application note 1(A)("truthfully admitting the conduct comprising
the offense(s) of conviction"); and (ii) Valenzuela timely admitted responsibility, see Plea
Agreement ¶ 27, at 6; U.S.S.G. § 3E1.1(a), application note 1(H) ("the timeliness of the
defendant's conduct in manifesting the acceptance of responsibility").  Cf. United States v.
Manzanares-Sanabria, 814 F. Supp. 2d 1155, 1171 (D.N.M. 2011)(Browning, J.)(concluding that
a defendant did not timely accept responsibility when "the venire was waiting at the courtroom
door").  The remaining four factors are neutral.  See Tr. at 7:21-8:22 (Court).  The Court places
particular emphasis on Application Note 3, which states:

> Entry of a plea of guilty prior to the commencement of trial combined with
> truthfully admitting the conduct comprising the offense of conviction, and

truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under § 1B1.3 . . . will constitute <u>significant evidence</u> of acceptance of responsibility for the purposes of subsection.

U.S.S.G. § 3E1.1(a), application note 3 (emphasis added). The Court concludes that the factors in favor of concluding that Valenzuela accepts responsibility under U.S.S.G. § 3E1.1(a) outweigh the other factors, because (i) Valenzuela "recognize[s] and accept[s] responsibility for my criminal conduct," Plea Agreement ¶ 7, at 3 -- which is "significant evidence of acceptance of responsibility for the purposes of subsection," U.S.S.G. § 3E1.1(a), application note 3; and (ii) the nature of the reported conduct in the Sentencing Memo does not bear any relationship to the crime at issue.

**IT IS ORDERED** that the United States' request to withhold the reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) in the United States' Sentencing Memorandum, filed February 24, 2021 (Doc. 52), is denied.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Fred. J. Federici
    Acting United States Attorney
Sarah Jane Mease
    Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Amanda R. Lavin
    Assistant Federal Public Defender
Albuquerque, New Mexico

       *Attorney for the Defendant*